FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 27 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00548-BNB

DANIEL WELCH,

      Applicant,

v.

KEVIN L. MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Daniel Welch, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Sterling Correctional Facility. Mr. Welch has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He challenges the validity of his conviction and sentence in Case No. 04CR3692 in the Adams County District Court.

In an order filed on March 14, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On March 29, 2011, Respondents submitted a pre-answer response. Mr. Welch filed a reply on April 19, 2011. Upon review of the pre-answer response and reply, Magistrate Judge Boland ordered Respondents to file a supplement

to the pre-answer response.  Respondents submitted the supplement on April 22, 2011.

The Court must construe liberally the Application filed by Mr. Welch because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application as procedurally defaulted.

## I. Background and State Court Proceedings

On October 26, 2005, Mr. Welch was convicted pursuant to his plea agreement of sexual assault on a child by one in a position of trust–pattern of abuse.  Pre-Answer Resp. Ex. A at 10.  The trial court sentenced him to twenty years of imprisonment with the DOC.  *Id.* at 9.  His sentence was affirmed on direct appeal.  *See People v. Welch*, No. 09CA0358 (Colo. Ct. App. Aug. 16, 2007) (unpublished opinion), Pre-Answer Resp. Ex. B.  The Colorado Supreme Court denied certiorari review on December 31, 2007.  Application, attachment A.

Mr. Welch filed a motion for reconsideration of sentence on April 8, 2008, pursuant to Colo. Crim. P. Rule 35(b), which was denied the same day.  Pre-Answer Resp. Ex. A at 8.  Applicant filed a motion for correction of illegal sentence, pursuant to Colo. Crim. P. Rule 35(a), on February 10, 2009, which the trial court denied on February 12, 2009.  *Id.*  Mr. Welch appealed, and the Colorado Court of Appeals affirmed the trial court's order on June 17, 2010.  *See People v. Welch*, No. 09CA0436

(Colo. Ct. App.  June 17, 2010) (unpublished opinion), Pre-Answer Resp. Ex. C.  The Colorado Supreme Court denied certiorari review on November 15, 2010. *Id.*, Ex. A at 6.

Mr. Welch initiated this action on March 4, 2011.  He asserts three claims for relief in his Application.  Mr. Welch first claims that his twenty-year sentence violates Colorado statutes, the Colorado Constitution, and his Sixth Amendment right to trial by jury as articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004).  He asserts in his second claim that his guilty plea was not entered into knowingly and is invalid because he was not advised of the statutory extraordinary risk or crime of violence sentencing provisions.  Further, he did not admit to a factual basis to support the sentence imposed.  Mr. Welch's third claim does not appear to state a claim for relief.  Instead, he asserts that he is "challeng[ing] the state's views, opinions, and rulings pertaining [to] what's known as "per se crimes of violence." Application at 6.  Mr. Welch argues that his due process rights were violated when the trial court failed to advise him at his providency proceeding that his offense was a per se crime of violence and that he was subject to crime of violence sentencing. This claim appears to be a reiteration of claim two.  The Court therefore construes claims two and three together as a single claim.

Respondents concede that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Pre-Answer Resp. at 3.  Respondents argue, however, that Mr. Welch has procedurally defaulted his federal constitutional claims. *Id.*

at 8-9. Respondents further contend that part of Applicant's first claim raises issues of state law that are not reviewable in a federal habeas corpus proceeding. *Id.* at 8 n.1.

## II. Issue of State Law

Mr. Welch asserts in his first claim that his sentence pursuant to Colorado's statutory crime of violence and extraordinary risk crime provisions contravenes Colorado statutes and the Colorado Constitution. Application at 6. However, a federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law,'" quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation omitted). Applicant's challenges to his sentence under state law are not subject to federal habeas review and will be dismissed. By contrast, Mr. Welch's additional assertion in claim one that his sentence violates his Sixth Amendment right to trial by jury as articulated in *Apprendi/Blakely* presents a federal constitutional claim.

## III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be

presented as a federal constitutional claim in the state court proceedings in order to be

exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

If a habeas petitioner "failed to exhaust state remedies and the court to which the

petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred . . . there is a procedural

default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*,

489 U.S. 255, 269-70 (1989)). A claim is precluded from federal habeas review if the

claim has been defaulted in state court on an independent and adequate state

procedural ground, unless the prisoner can demonstrate cause for the default and

actual prejudice as a result of the federal violation, or demonstrate that failure to

consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501

U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation

omitted).

Mr. Welch's pro se status does not exempt him from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See*

*Lepiscopo v. Tansy*, 38 F .3d 1128, 1130 (10th Cir. 1994).

**A.   Claim One**

5

Respondents argue that Mr. Welch's *Apprendi* claim is procedurally barred because the Colorado Court of Appeals determined in Applicant's state post conviction proceeding that the claim should have been raised on direct appeal pursuant to Colo. Crim. P. Rule 35(c)(3)(VII). Pre-Answer Resp. at 9. Respondents contend that the procedural bar was an adequate and independent state law ground for denying the claim. *Id.*

The state appellate court determined the following in Mr. Welch's post conviction proceeding:

### II. Constitutionality of Sentence

We agree with the People that defendant's *Apprendi/Blakely* claim, which must be raised under Crim. P. 35(c), is barred because he could have raised it on direct appeal. *See* Crim. P. 35(c)(3)(VII); *People v. Vondra*, ___ P.3d ___, ___ (Colo. App. No. 09CA1007, May 13, 2010); *People v. Walton*, 167 P.3d 163, 167 (Colo. App. 2007); *see also People v. Canody*, 166 P.3d 218, 221 (Colo. App. 2007) (defendant who waived his right to appeal as part of plea agreement could not seek postconviction relief based on claims that would ordinarily be raised in a direct appeal).

We nevertheless note that *Apprendi/Blakely* principles are not implicated here because, as noted above, defendant's sentence is within the special penalty range for a class three felony that is both an extraordinary risk crime and a crime of violence. *See People v. Trujillo*, 169 P.3d 235, 237 (Colo. App. 2007); *Canody*, 166 P.3d at 221; *People v. Hogan*, 114 P.3d 42, 59 (Colo. App. 2004).

The order is affirmed.

Pre-Answer Resp. Ex. C at 1-2.

This Court must give effect to a state procedural bar even when the state court reaches the merits of a federal claim as a separate basis for its decision. *See Harris*,

6

489 U.S. at 264 n.10 ("By its very definition, the adequate and independent state ground

doctrine requires the federal court to honor a state holding that is a sufficient basis for

the state court's judgment, even when the state court also relies on federal law.");

*Alverson v. Workman*, 595 F.3d 1142, 1165 (10th Cir. 2010) ("According to *Harris*, the

plain statement rule applies even under the circumstances presented in this case,

where the state court addressed the merits of the federal claim in addition to finding it

waived."); *see also Sochor v. Florida*, 504 U.S. 527, 534 (1992) ("[T]he rejection of

[the habeas petitioner's] claim was based on the alternative state ground that the claim

was 'not preserved for appeal'. . . Hence, we hold ourselves to be without authority to

address Sochor's claim . . . ") (emphasis added)).

The Court finds that Mr. Welch's *Apprendi* claim was defaulted in the state

appellate court on an independent and adequate state procedural ground. *See* Colo.

Crim. P. Rule 35(c)(3)(VII)(claims that should have been raised on direct appeal may

not be raised for the first time in a post conviction motion); *People v. Bastardo*, 646

P.2d 382, 383 (Colo. 1982) (same); *Canody*, 166 P.3d at 221 (same). The claim

therefore is procedurally barred unless he can meet the cause and prejudice standard

or make a showing of actual innocence.

Mr. Welch argues that his court-appointed counsel was constitutionally

ineffective in failing to raise the *Apprendi* issue on direct appeal. Attorney error

amounting to constitutionally ineffective assistance of counsel constitutes "cause" for a

procedural default. *See Coleman*, 501 U.S. at 754. Mr. Welch was entitled to the

effective assistance of counsel during the time period available for direct appeal of his conviction. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (An individual's Sixth Amendment right to effective counsel "is limited to the first appeal as of right."). The proper standard for assessing a claim of ineffectiveness of appellate counsel is that set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Thus, the petitioner must show that (1) appellate counsel's conduct was objectively unreasonable, and (2) petitioner was prejudiced as a result. *Id.* at 285 (applying *Strickland*).

A claim of appellate ineffectiveness that is based on counsel's failure to raise a particular issue on appeal is difficult to establish because counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288. Thus, in analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, the court "look[s] to the merits of the omitted issue." *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) (quotation omitted). If the issue is without merit, its omission will not constitute deficient performance. *Cargle v. Mullin,* 317 F.3d 1196, 1202 (10th Cir. 2003).

Under *Apprendi*, any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. *Apprendi* applies only when the sentence is enhanced beyond the prescribed "statutory maximum," which the

Supreme Court has defined as the maximum sentence a judge may impose "without any additional findings." *Blakely*, 542 U.S. at 304.

Mr. Welch pleaded guilty to sexual assault on a child by one in a position of trust–pattern of abuse, a class three felony, in violation of Colo. Rev. Stat. (C.R.S.) § 18-3-405(1), (2)(d) (2006). Mr. Welch's offense carried a presumptive range sentence of four to twelve years. *See* § 18-1.3-401(1)(a)(V)(A), C.R.S. (2006). At the time Mr. Welch committed the offense (a four-year period beginning in 1999), it was designated by Colorado statute as an extraordinary risk crime and subject to crime of violence sentencing pursuant to § 18-1.3-406, C.R.S. *See* § 18-1.3-401(10)(b)(IV), C.R.S. (2002) (identifying sexual assault on a child as an extraordinary risk crime), repealed by Colo. Sess. Laws 2004, Ch. 200, § 1; § 18-3-405(3), C.R.S. (2002). The offense remained subject to crime of violence sentencing at the time Applicant was sentenced. *See* §§ 18-1.3-405(3), 18-1.3-406, C.R.S. (2006). However, the offense was an extraordinary risk crime at the time of Applicant's sentence only if it was a "crime of violence *as defined in* section 18-1.3-406." §18-1.3-401(10)(b)(XII) (emphasis supplied). Section 18-1.3-406(2)(a)(I) defines "crime of violence" to include several enumerated crimes, including sexual assault, if during the offense or in the immediate flight therefrom, the person, "A) Used, or possessed and threatened the use of, a deadly weapon; or (B) Caused serious bodily injury or death to any other person except another participant." *See also People v. Banks*, 9 P.3d 1125, 1131 (Colo. 2000) (only crimes meeting definition of "crime of violence" constitute an extraordinary risk crime

under statute which states that "'[c]rimes which present an extraordinary risk of harm to society shall include the following: . . . Any crime of violence, *as defined in* section [18-1.3-406].'" ) (emphasis added).

The Colorado Court of Appeals concluded on direct review that pursuant to state statutes, Mr. Welch's offense subjected him to a maximum prison sentence of up to thirty-two years.[1]  Even if the Court does not consider the extraordinary risk crime sentencing provisions for purposes of this Order, it is clear that Mr. Welch's offense subjected him to a maximum sentence of at least twenty-four years.  *See* §18-3-405(3) (if defendant is convicted of the class 3 felony of sexual assault on a child, "the court shall sentence the defendant in accordance with the provisions of section 18-1.3-406");§ 18-1.3-406(1)(a) (person convicted of crime of violence shall be sentenced pursuant to the provisions of § 18-1.3-401(8) for a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense in section 18-1.3-401(1)(a)) (2006). Petitioner's twenty-year prison sentence is therefore within the statutory maximum for his offense under *Blakely* and his appellate counsel was not constitutionally ineffective in failing to raise the *Apprendi* issue on direct appeal.  Hence, counsel's ineffectiveness cannot excuse Applicant's procedural default of his first claim for relief.

Because Mr. Welch has not made the requisite showing of cause and prejudice to avoid the procedural default, claim one will be dismissed as procedurally barred.

---

[1]*See* Pre-Answer Resp. Ex. B, at 2.

10

## B.     Claim Two

Respondents argue that claim two is procedurally defaulted because Mr. Welch

did not present the claim to the state courts and he would now be precluded from doing

so pursuant to state procedural rules.  Pre-Answer Resp. at 9.  Mr. Welch responds that

he raised the issue of the validity of his plea agreement in his motion to correct an illegal

sentence, filed pursuant to Colo. Crim. P. Rule 35(a).  Reply at 4.

The trial court's order denying Mr. Welch's Rule 35(a) motion is not before the

Court.  However, the Court has reviewed carefully Mr. Welch's opening brief to the

Colorado Court of Appeals appealing that order.  Mr. Welch argued in his opening brief

that his sentence violates the rule of **Apprendi/Blakely**.  *See* Respondents' Supp. to

Pre-Answer Resp. Ex. G, at 4-7.  He cited the holding of **Apprendi** and discussed in

detail how the trial court's imposition of a twenty-year sentence runs afoul of the

Supreme Court's decision.  *Id.*  However, Mr. Welch also made the conclusory assertion

in his opening brief that "if his sentence is not deemed invalid, it should still be vacated

because the guilty plea was unconstitutional."  *Id.* at 4.  In contrast to his **Apprendi**

claim, Mr. Welch did not cite any federal case law to support this assertion or present

any substantive argument on the alleged invalidity of his guilty plea to the state

appellate court.  Accordingly, even assuming that he presented a federal constitutional

claim to the trial court, he failed to present one to the Colorado Court of Appeals.

Conclusory assertions of constitutional error do not satisfy the exhaustion requirement.

**See Picard v. Connor,** 404 U.S. 270, 275, (1971) (exhaustion requirement is satisfied

when a federal claim has been "fairly presented to the state courts," such that the State has had "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quotation omitted).

If Mr. Welch attempted to raise his constitutional claim in the state trial court at this time, it would be dismissed. The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Welch's claim. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted). The Court finds that Mr. Welch has procedurally defaulted his claim challenging the constitutional validity of his plea agreement in the state courts.

Moreover, Mr. Welch fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Mr. Welch therefore is procedurally barred from raising his second claim in this federal habeas action. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is denied and the action is dismissed as procedurally barred. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Welch has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __27th__ day of ____April____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00548-BNB

Daniel Welch
Prisoner No.  129549
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

      I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 27, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk